## CLARK v. SMITH.

### Opinion delivered May 7, 1923.

VENDOR AND PURCHASER—CANCELLATION OF CONTRACT—REMEDY OF PURCHASER.—Where a bank sold land to A, who resold to B, and A transferred B's notes for the purchase money to the bank, in a subsequent suit by B to cancel the sale from A to himself for breach of the contract of sale, he was not entitled to recover from the bank the amount paid by him on the purchase money, as the bank was not a party to the sale to him, nor bound by its terms.

Appeal from Marion Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

Appellant *pro se.*

The court erred in declaring the lien of Smith superior to the lien of Clark. When the court ordered the contract of sale rescinded, it should have placed the parties *in statu quo* by requiring the bank to return to Clark the money paid. Smith was not an innocent purchaser. Erred also in dismissing appellant's cross-complaint against the bank.

*Crump & Crump,* and *Oscar W. Hughes,* for appellees.

The court properly dismissed appellant's complaint against the bank for want of equity. Smith was the legal holder of the note for value, and the court rightly held the mortgage securing its payment a first lien on the land. The decree should not be disturbed.

HART, J. O. O. Smith brought this suit in equity against M. A. Clark and Faithy Clark, his wife, to reform a mortgage on real estate and to foreclose the same.

The defendants filed an answer in which they denied all the material allegations of the complaint, and by way of cross-complaint asked that the Bank of North Arkansas and R. T. Young be made parties to the action, and that the contract for the sale of the land in question to the plaintiff by R. T. Young be rescinded.

It appears from the record that on the 20th day of October, 1919, R. T. Young and M. A. Clark entered into a contract in writing whereby the former sold to the latter his farm of 151½ acres of land in Marion County, Ark. The agreement recited that both parties had deposited a check for $500 each, payable to the other, dated January 1, 1920, upon the condition that if either party failed to carry out the contract on his part the check should be collected and paid to the other party.

The agreement further provided that, if both parties should fulfill the contract, then the check deposited by the purchaser should be collected and applied to the purchase price. The consideration recited in the contract was $4,500. In addition to the $500 already mentioned, it provided that $1,000 should be paid on Jan. 1, 1920; $1,500 on Jan. 1, 1921, and $1,500 on Jan. 1, 1922. This contract was prepared by the cashier of the Bank of North Arkansas, and was deposited in the bank, together with the check of each of the parties for the sum of $500. At that time the Bank of North Arkansas held a mortgage on the land to secure an indebtedness owed it by R. T. Young.

Before the 1st of January, 1920, Clark paid into the bank $1,000 in cash, and the bank cashed the $500 check

which had been left there with his contract. Both of these amounts were applied on the purchase price of the land. The bank suggested to Clark that he execute to it a mortgage for the deferred payments. Clark told the cashier that it made no difference to him, if he could get his warranty deed, as provided in the contract, and an abstract showing a merchantable title. Clark executed his note to the bank for $3,000, the balance of the purchase money, which belonged to the bank, and also executed a mortgage in its favor on the land in question to secure said note. There was a misdescription of a part of the land in the mortgage. Subsequently the bank assigned the note and the mortgage to secure the same to O. O. Smith for value received.

It appears from the record that R. T. Young committed a breach of his executory contract to convey the land to M. A. Clark by warranty deed, owing to the fact that he failed to furnish an abstract of title showing a good and merchantable title in himself. Inasmuch as it was decreed that the executory contract of sale by Young to Clark should be rescinded, and no appeal has been taken from that part of the decree, it will not be necessary to abstract the testimony on this point. While the chancery court found that the executory contract of sale from Young to Clark should be rescinded, it also found that there was no fraud or liability of any kind on the part of the Bank of North Arkansas, or on the part of O. O. Smith, and that the cross-complaint of M. A. Clark as to them should be dismissed for want of equity.

It is this part of the decree which Clark and his wife seek to reverse by this appeal. The chancellor was right in holding that their cross-complaint against the Bank of North Arkansas and Smith should be dismissed for want of equity. As we have already seen, the record shows that, at the time the contract for the sale of the land between Young and Clark was executed, Young owed the bank for the purchase price of the land. When

Clark made the payment of $1,500 on the purchase price of the land to Young, the bank suggested that he should execute to it a mortgage for the balance of the purchase money, which he did. The bank had the right to adopt this course and to obtain security for the amount which Young owed it, and to secure which Young had already given the bank a lien on the land. Hence the bank secured no greater lien by taking the mortgage from Clark than it already had. This is conceded by Clark; but he contends that the bank should be required to refund him the $1,500 which he paid on the purchase price, in order that he may be placed in the same situation as he was before he contracted to purchase the land from Young. The bank had nothing whatever to do with this contract, and was not a party to it. The cashier of the bank merely wrote the agreement as an accommodation to Young and Clark. The bank was in no wise a party to the agreement, and was not bound by its terms. It was not bound in any manner whatever to guarantee that Young could carry out the contract on his part, and was not liable to Clark for a breach of the contract by Young. Therefore the court properly dismissed the cross-complaint of Clark for want of equity. The record shows that the mortgage indebtedness was due and unpaid, and that there was a mistake in describing a part of the land which it was intended by the parties should be embraced in the mortgage. Hence the court was right in decreeing a reformation of the mortgage and in foreclosing the same.

It follows that the decree must be affirmed.